## THE STATE OF KANSAS V. S. W. LEE.

FORGERY, *Within the Statute.* A forged check or order in words and figures, to wit:

"LOUISBURG, KAN., Jan. 24, 1883.

"M. REED: Pay L. Johnson, for corn, gross ——, tare ——, net ——, bu. ——, at —— cts., $35.75.　　　　M. REED,

"*Per J. H. R., Weigher.*"

of which the following words and figures were in writing: "Jan. 2 — 3, L. Johnson, for corn, $35.75.— J. H. R.," and the remainder in print, was unlawfully, knowingly and feloniously sold and delivered by L. to C. for the consideration of $35.75, with the intention on the part of L. to have the same uttered and passed: *Held,* That the check or order was of apparent legal validity, and therefore a forgeable instrument within the terms of §129, chapter 31, Comp. Laws of 1879; and *further held,* that under §137 of said chapter 31, as the instrument was partly printed and partly written, and as the signature was not complete until the blank for the attestation of the weigher was filled in by him with his initials, J. H. R., in writing, all was a forgery within the statute.

### *Appeal from Miami District Court.*

ON February 11th, 1884, there was filed in the district court of Miami county an information against S. W. Lee, which, omitting court, title and verification, is as follows:

"*First count:* In the name and by the authority of the state of Kansas, I, Jno. C. Sheridan, county attorney in and for the county of Miami, in the said state of Kansas, who prosecute for and on behalf of said state, in the district court of said district, sitting in and for the said county of Miami, and duly empowered to inform of offenses committed within said county of Miami, come now here and give the court to under-

stand and be informed, that on or about the 24th day of January, 1884, at the county of Miami, in the state of Kansas, one S. W. Lee, with the intent then and there to defraud, feloniously and unlawfully did falsely make, forge and counterfeit a certain instrument of writing, to wit, a grain check for the payment of money, to wit, the sum of thirty-five dollars and seventy-five cents ($35.75), the same purporting to be the act of another person, to wit, of one M. Reed, which said false, forged and counterfeited grain check is of the purport, value and effect as in the following copy thereof, to wit:

'Louisburg, Kan., January 24, 1883.
'M. Reed: Pay L. Johnson, for corn, gross ——, tare ——, net, —— bu. ——, at —— cts., $35.75. M. Reed,
*Per J. H. R., Weigher.*'

by which said false, forged and counterfeited grain check a pecuniary demand and obligation was then and there purported to be created, contrary to the form of the statute in such case made and provided.

*Second count:* And in the name and by the authority aforesaid, I, Jno. C. Sheridan, county attorney as aforesaid, who prosecute as aforesaid, and duly empowered as aforesaid, further give the court to understand and be informed, that on or about the 24th day of January, 1884, at the county of Miami, in the state of Kansas, one S. W. Lee unlawfully and feloniously did sell, exchange and deliver one false, forged and counterfeited instrument of writing, to wit, a grain check for the payment of money, to wit, the sum of thirty-five dollars and seventy-five cents, the same purporting to be the act of another person, to wit, of one M. Reed, and in the similitude and likeness of the true and genuine grain checks of the said M. Reed then and there regularly used in his business, and by which false, forged and counterfeited grain check a pecuniary demand and obligation was then and there purported to be created to one George Casebeer, for and in consideration of certain money, to wit, the sum of thirty-five dollars and seventy-five cents, lawful money of the amount and value of thirty-five dollars and seventy-five cents, and which said false, forged and counterfeited grain check is of the purport, value and effect as in the following copy thereof, to wit:

'Louisburg, Kan., Jan. 24, 1883.
'M. Reed: Pay L. Johnson, for corn, gross ——, tare ——, net ——, bu. ——, at —— cts., $35.75. M. Reed,
*Per J. H. R., Weigher.*'

and which false, forged and counterfeited grain check by the said S. W. Lee then and there well known to be false, forged

and counterfeited, with the intent then and there unlawfully and feloniously to have the same passed and uttered, contrary to the form of the statute in such case made and provided.

JOHN C. SHERIDAN,
*County Attorney Miami County, Kansas."*

At the May Term of the court for 1884, the defendant pleaded not guilty, and thereupon a trial was had before a jury. After the evidence was closed and before the jury were instructed, by leave of the court the first count was dismissed, and a conviction asked only on the second. The jury returned a verdict of guilty against the defendant, as charged in the second count of the information, and after motions for a new trial and in arrest of judgment were overruled, the defendant was sentenced to the penitentiary for the term of one year and six months, and adjudged to pay the costs, taxed at $117.15. He appeals.

*J. E. Nicholson*, and *Kingsley & Stevens*, for appellant.

*Jno. C. Sheridan*, county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: On January 24, 1884, the appellant sold George Casebeer, at Louisburg, in Miami county, in this state, a grain check or order for $35.75 — the full amount for which it was drawn — which was in the form, words and figures following, to wit: "Louisburg, Kan., Jan. 24, 1883.— M. Reed: Pay L. Johnson, for corn, gross —, tare —, net —, bu. —, at — cts., $35.75.— M. REED, per J. H. R., weigher," of which the following words and figures were in writing: "Jan. 24–3, L. Johnson, for corn, $35.75.— J. H. R.," and the remainder in print. On being requested to indorse the check or order, the appellant wrote thereon the name of "W. F. Lee," which, as is shown by the testimony in the record, is his brother's name.

The principal question is, whether the check or order is a forgeable instrument, within the terms of the statute. Section 129 of the act relating to crimes and punishments reads:

"Every person who, with intent to injure or defraud, shall

falsely make, alter, forge or counterfeit any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged, conveyed or diminished, or by which any rights or property whatsoever shall be or purport to be transferred, conveyed, discharged, increased, or in any manner affected, the falsely making, altering, forging or counterfeiting of which is not hereinbefore declared to be a forgery in some other degree, shall on conviction be adjudged guilty of forgery in the third degree."

And § 133 is as follows:

"Every person who shall sell, exchange or deliver, or offer to sell, exchange or deliver, for any consideration, any falsely altered, forged or counterfeited instrument or writing, the forgery of which is declared punishable (except as in the last section is excepted), knowing the same to be forged, counterfeited or falsely altered, with the intention to have the same uttered or passed, shall on conviction be adjudged guilty of forgery in the fourth degree."

The check shows upon its face an apparent pecuniary liability, and purports to be the act of M. Reed, per J. H. R. (J. H. Randolph), weigher. The latter was the agent of M. Reed in weighing grain purchased by him, and was accustomed to give the seller an order or check stating the kind and number of bushels received, and the price and amount thereof. If genuine in the hands of L. Johnson, the order would make M. Reed liable for the amount thereof, to wit, $35.75. Therefore it is of apparent legal validity. It is non-negotiable, but if genuine, L. Johnson could sell and transfer the equitable title thereto by delivery, and the person obtaining it from L. Johnson could likewise sell and transfer the same by delivery, and the party purchasing would obtain the equitable title. Under the provisions of our code, he could maintain an action thereon in his own name. (*McCrum v. Corby*, 11 Kas. 465; *Hadden v. Rodkey*, 17 id. 429.)

The paper is in fact an order for the payment of money, and we cannot avoid the conclusion that if the prisoner had forged the paper, he would be liable to punishment under our statute. (*Powers v. State*, 87 Ind. 97; 1 Wharton's Crim. Law,

§§ 680, 695, 700; *Henry v. State,* 35 Ohio St. 128; *People v. Krummer,* 4 Park Crim. Rep. 217; *State v. Eads,* 68 Mo. 150; *Commonwealth v. Mulholland,* 6 Cent. L. J. 282.)

It is contended, however, as the check or order did not purport to have the written signature of M. Reed, that the signature is not such an one as the statute requires to be affixed to an instrument or writing designated in either § 129 or § 133. This proposition is overthrown by § 137 of the chapter relating to crimes and punishments. This reads:

"Every instrument, partly printed and partly written, or wholly printed, with a written signature thereto, and every signature of an individual, firm, or corporate body, or of any officer of such body, and every writing purporting to be such signature, shall be deemed a writing and written instrument, within the meaning of the provisions of this act."

The instrument was "partly printed and partly written;" so, also, was the signature. The signature was not completed until the blank for the attestation of the weigher was filled in by him with his initials, J. H. R., in writing.

It is further contended that the information was fatally defective, because it did not set forth the name of the person intended to be defrauded. Such an averment, under the provisions of the statute, is not essential. The instrument forged was set out in full in the count under which the appellant was convicted, and such count also contained the statement that the appellant unlawfully and feloniously sold and delivered the same to George Casebeer for the consideration of $35.75, "with the intent then and there unlawfully and feloniously to have the same passed and uttered." The information states sufficient facts. (*The State v. Foster,* 30 Kas. 365.) The law presumes that the forger of the instrument intended to defraud M. Reed, whose signature was attached thereto. The appellant, under the averments of the information, meant, also, to defraud Casebeer, the person to whom he sold and passed the forged paper for value.

Finally, it is contended that the judgment should be set aside, because the prosecuting attorney, after the evidence was closed and before the jury were instructed, by leave of the

court dismissed the first count of the information, and thereafter the court did not instruct the jury to disregard the evidence introduced under the count abandoned. The appellant did not ask for any instruction to the jury to disregard the evidence offered under the first count, and under the circumstances we cannot say that the court committed any error in this matter. (*Hutto v. State,* 7 Tex. Ct. App. 44; *Boles v. State,* 13 id. 650.)

The judgment of the district court must be affirmed.

All the Justices concurring.