THE STATE OF KANSAS v. EDD SHAW.

No. 14,390. ( 82 Pac. 587.)

SYLLABUS BY THE COURT.

1. FORGERY—*Nature of Instrument—Information.* A certain instrument held to be such a writing as is made the subject of forgery by section 2122 of the General Statutes of 1901. It is a check or order by which a pecuniary obligation purports to be transferred and created, and an information that charges the false making and forging of such an instrument, with intent to injure or defraud, without the allegation of any extraneous facts, charges the crime defined by said section.

2. ———— *Warrant — Preliminary Examination — Information.* When a warrant charges the defendant with the forging of such an instrument, and with indorsing thereon "Edd Shaw" and selling the same to B. for a valuable consideration, with intent to defraud, and the defendant is taken before a justice of the peace and waives a preliminary examination thereon, the county attorney is thereby authorized to file an information charging the defendant with the crime of forgery in the fourth degree, as defined in section 2126 of the General Statutes of 1901. A plea in abatement to such information on the ground that the defendant has had no preliminary examination for such offense is not good.

6—72 KAN.

The State v. Shaw.

Appeal from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed October 7, 1905. Affirmed.

## STATEMENT.

IN this case the defendant, Edd Shaw, was arrested on a warrant which contained the charge "that on the ———— day of August, 1904, in Kingman county and state of Kansas, one Edd Shaw did unlawfully, feloniously forge, counterfeit and falsely make one certain written order for seventeen dollars, being and purporting to be signed by one J. H. Freeman and drawn on one E. S. Ratcliff, which order was made payable to said Edd Shaw and by him indorsed by writing on the back thereof the following words, to wit, 'Edd Shaw,' and by him transferred for a valuable consideration to one Ben A. Blackwell, with intent to defraud."

The defendant was taken before a justice of the peace of that county, waived a preliminary examination, and was required to give bond for his appearance in the district court. The county attorney filed an information against him containing three counts, the first of which charged the defendant with counterfeiting the order, a copy of which was set forth, as follows:

"CUNNINGHAM, KAN., August 30, 1904.
"L. Ratcliff: Pay to Edd Shaw, or order, seventeen dollars ($17).                    J. W. FREEMAN."

The second count charged the defendant with having such forged instrument in his possession, etc. The third count charged the defendant with unlawfully and feloniously selling and delivering the order to one Ben A. Blackwell for the consideration of seventeen dollars in lawful money paid by Blackwell.

To this information the defendant filed a plea in abatement on the ground that he had had no preliminary examination for the offense or offenses therein charged. This plea the court sustained as to the

second count, and overruled as to the first and third counts; and thereupon the defendant filed a motion to quash the information on numerous grounds, among others that the instrument alleged to have been forged and transferred was not a subject of forgery and did not purport to create and transfer any pecuniary obligation or demand, which motion was denied, and a jury was impaneled and a trial had. During the trial the court disposed of the first count of the information, and the case was submitted to the jury upon the third count. The jury returned a verdict of guilty, and after a motion for a new trial had been denied the court sentenced the defendant, who brings the case here for review.

*C. C. Coleman,* attorney-general, and *C. C. Calkin,* county attorney, for The State.

*C. W. Fairchild,* and *George W. Freerks,* for appellant.

The opinion of the court was delivered by

SMITH, J.: That the instrument is a subject of forgery and that the information states sufficient facts are questions hardly open for discussion; *The State v. Foster,* 30 Kan. 365, 2 Pac. 628, and *The State v. Lee,* 32 Kan. 360, 4 Pac. 653, are decisive and seem to be in point.

The warrant upon which the defendant was arrested and upon which he was tendered a preliminary examination charged him with two crimes—the forging of the check, and the transfer of the same for a valuable consideration to Ben A. Blackwell, with intent to defraud.

Whatever may be the rule in regard to trials, it must be conceded that any number of felonies may be inquired into at one preliminary examination. The defendant may even be held to answer for an offense not charged in the warrant. (Gen. Stat. 1901, § 5495.)

While the facts are not so fully set forth in the war-

rant as they are in the information, it is not requisite. Enough, however, appears in the warrant to apprise the defendant that he was charged with feloniously transferring the check, and, defendant having waived a preliminary examination thereon, the county attorney was thereby authorized more fully to charge this crime in the information. The plea in abatement thereto is not good.

We have examined the alleged errors occurring on the trial, and do not find any by which the defendant could be prejudiced. The judgment of the district court is affirmed.

All the Justices concurring.