No. 26,210.

THE STATE OF KANSAS, *Appellee*, v. EARL McKIMSON, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Trial—Remarks of Court.* The remark of the court on a minor matter in the course of the trial, although not strictly proper, is not a ground of reversal, especially where the complaining party did not object to it at the time it was made or ask its withdrawal from the consideration of the jury, and where he did not bring the matter to the attention of the court on the motion for a new trial.

2. SAME—*Evidence—Testimony of Accomplice.* Rule followed that an accomplice in the commission of a crime is a competent witness, and if otherwise sufficient his testimony, although not corroborated, will sustain a verdict of guilty.

3. SAME—*Trial—Instructions—Alibi.* An omission to give a special instruction concerning the defense of alibi where none was requested by the defendant is not a ground for reversal where full general instructions covering the law of the case were given.

4. SAME—*Evidence—Sufficiency.* Evidence examined and held to be ample to sustain the verdict rendered.

1. Criminal Law, 17 C. J. §§ 3332, 3353; 26 R. C. L. 1030.   2. Id., 16 C. J. §§ 1410, 1423; 17 A. L. R. 910; 1 R. C. L. 166.   3. Id., 16 C. J. § 2499; 14 R. C. L. 797.   4. Larceny, 36 C. J. § 483.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 7, 1925. Affirmed.

*H. S. Hines,* of Arkansas City, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *C. H. Quier,* county attorney, for the appellee; *W. L. Cunningham,* of Arkansas City, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.:    Earl McKimson was convicted of grand larceny and has appealed.

The property taken from one Chenoweth, the owner, consisted of two auto tires, two inner tubes, two tire rims, a pair of mud chains, and an oil can containing two and one-half gallons of automobile oil, all of the value of $78.50. At the trial it was admitted that the property mentioned was stolen from Chenoweth on July 20, 1922, and was of the value stated, but defendant contended that he was not a party to the theft. It was further admitted that on the day of the larceny Earl DeBard, Clarence Tanner and defendant left their homes near Arkansas City and traveled together in DeBard's automobile to Wichita, but defendant claimed that he did not return with them and was not with the other parties on the following night when the automobile accessories were stolen. DeBard and Tanner were arrested and pleaded guilty to the charge of larceny. Upon learning that officers were trying to find him, defendant left the community and was not found and placed under arrest until about a year after the larceny. DeBard and Tanner were witnesses at his trial, and testified that he was with them throughout the trip in going and returning from Wichita and participated in the commission of the offense. Their testimony was abundant to sustain the charge, but there was considerable additional evidence confirmatory of that given by DeBard and Tanner. Counsel argues that much of the testimony given is contradictory and unworthy of belief, but the credibility of the witnesses and the weight of the disputed evidence have no place in an argument on an appeal. The verdict of the jury has settled the disputed facts.

There is complaint of a remark made by the court during the cross-examination of a witness for the state. Eaton, a deputy sheriff, testified that while he and the owner of the property were investigating the case and searching for the property in the neigh-

borhood where defendant DeBard and Tanner lived, they met a buggy in the road in which the defendant, his sister and Tanner were riding, and on their return from the place of search they passed the same buggy again, but at that time there was no one in it but the sister of defendant. Tanner testified that they were in the buggy when the sheriff met them, and believing that the officer and the owner of the stolen property were after them, they left the buggy and went into hiding. On the cross-examination of Eaton he was asked if he had not testified at a former trial to the effect that he saw Earl and some girl and another boy in the buggy, but that he didn't know who the other boy was. The witness answered, "I don't remember." At this point the court remarked, "What difference does it make. He identified this man the other time." Counsel for defendant responded, "Makes a lot of difference—that is a disputed question in this case." The matter of whether Tanner was in the buggy was not of great importance in the case, as the incident occurred several days after the property was stolen. Tanner testified that he was in the buggy at the time and that both left it and escaped together. While the remark of the court may be regarded as somewhat irregular, it is certainly not sufficiently material to be ground of reversal. It should be noted that defendant did not object to the remark nor ask its withdrawal from the consideration of the jury. Further than that, defendant did not call specific attention to the matter on his motion for a new trial, and it appears that when the motion was presented the court inquired of counsel for defendant if he had any particular reason to present why a new trial should be granted, and he replied that he had none. Were the matter material the defendant is not in a position to complain, since he declined to aid the court by pointing out rulings or errors upon which he relied for a new trial. (*Brick v. Fire Insurance Co.*, 117 Kan. 44, 230 Pac. 309.)

Defendant also complains that instructions requested were not given. One of these related to the rule that a person who aids and abets another in the commission of a crime is guilty the same as the principal. An appropriate instruction on that subject was given.

Another requested was that a person could not be convicted on the uncorroborated testimony of an accomplice. This was properly refused, as it has been held that the testimony of a witness, although an accomplice, is competent, and if otherwise sufficient will sustain

a verdict of guilty.    (*State v. McDonald,* 107 Kan. 568, 193 Pac. 179.)

It is assigned as error that the court did not instruct the jury concerning the defense of alibi.   No instruction on that phase of the case was requested by defendant and the omission of a specific instruction on that part of the defense is not ground for reversal where full general instructions covering the law of the case were given. (*State v. Walke,* 69 Kan. 183, 76 Pac. 408; *State v. Winters,* 81 Kan. 414, 105 Pac. 516; *State v. Woods,* 105 Kan. 554, 185 Pac. 21.)

The objections to the instructions, as well as those made to the admission of evidence, were not brought to the attention of the trial court in the motion for a new trial, but an examination of all the errors assigned shows clearly enough that no material error was committed.

As to the verdict it may be said that the jury could not have reached a different result except by a disregard of the evidence.

The judgment is affirmed.