No. 29,798.

THE TOWNE MANUFACTURING COMPANY, *Appellee,* v. THE ALLVINE
DAIRY COMPANY, *Appellant.*

(296 Pac. 717.)

Opinion filed March 7, 1931.

*George H. West* and *P. W. Croker,* both of Kansas City, for the appellant.
*Melvin E. Buck,* of Kansas City, for appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the Towne Manufacturing Company to recover damages from the Allvine Dairy Company for the wrongful attachment of plaintiff's property. The judgment was given in favor of plaintiff for $224, and defendant appeals.

There is a contention that defendant was not permitted to have a fair trial of the case. The case had been continued a number of times and was set for hearing during the week of June 2, 1930. The case was called for trial on a certain Monday at 2 p. m., and the plaintiff announced that it was ready for trial. Attorneys for the defendant were not present and could not be found, whereupon the court then announced a postponement of the case until the following morning, and instructed the clerk and attorneys for plaintiff to notify attorneys for the defendant. The office of defendant's attorneys was called twice during that evening, and failing to find them, informed their secretary that the case had been set for trial the next morning. The clerk of the court also called their office and advised them that the trial was to occur the following morning. On that morning neither the defendant nor his attorneys appeared, and after waiting some time the court ordered the plaintiff to pro-

ceed with its case. Plaintiff waived a jury and began the examination of witnesses, and shortly afterwards the attorneys came into court and offered excuses for their absence. The court reprimanded them for neglect of the case, and then the trial proceeded. Defendant complained that they did not know what testimony had been produced prior to their coming, and that they were handicapped. However, it appears that the witness who had testified prior to arrival of the attorneys was recalled to the stand by defendant's counsel and questioned. Afterwards it was found that Allvine, the president of the defendant company, was not then in court and upon the application of his attorneys time was given to bring him in. There was an effort to show that the court was harsh and unreasonable in its comments and in the conduct of the trial.

No good reason appears why the judgment should be set aside. There was occasion for the court to comment on the delay caused by the inattention of counsel to the case, and for the admonition as to their duty in the premises. When counsel failed to appear at the time the case was set for trial the court was considerate enough of defendant's interest to postpone the case to the following day, and besides it took pains to have notice of the resetting given to attorneys. When they did not appear at that time, the court proceeded, as it had a right to do, with the trial. Although counsel did not arrive until after some evidence had been adduced they had an opportunity thereafter, when the witness who had testified in their absence was recalled, to examine him and thus learn the nature of the testimony that he had given. The suggestion that the court was harsh and unreasonable with counsel is not, we think, borne out by the record. If the action of the court or its attitude towards defendant was deemed to be erroneous, it should have been brought to the attention of the court on the motion for a new trial as the code provides. The same may be said as to any excluded evidence about which there was cause to complain. It is useless to complain to the supreme court about the attitude or remarks of the trial court in the course of a trial unless such matters are first called to the trial court's attention in the motion for a new trial. (*State v. McKimson*, 119 Kan. 658, 240 Pac. 567; *American Automobile Ins. Co. v. Clark*, 122 Kan. 445, 252 Pac. 215; *State v. Robinson*, 124 Kan. 245, 251, 259 Pac. 691; *Sawtelle v. Cosden Oil & Gas Co.*, 128 Kan. 220, 227 Pac. 45.)

No error being found in the record, the judgment is affirmed.