[Civ. No. 5214. Third Appellate District.—October 15, 1935.]

E. FORREST MITCHELL, Insurance Commissioner, etc., Appellant, v. MARY G. HOLMES et al., Respondents.

Cunningham & Roll and W. M. Roll for Appellant.

Albert J. O'Brien and Langton A. Madden for Respondents.

PULLEN, P. J.—The Union Indemnity Company issued a policy of insurance to William Willis insuring his automobile against damage by collision. Thereafter a collision did occur between the automobile of Willis and one owned and operated by Martin M. Holmes. As a result of this collision the car of

Willis was damaged beyond repair and on July 16, 1930, the Union Indemnity Company under the terms of the policy of insurance, paid to him the sum of $350. The salvage value of the damaged car amounted to $45, which sum was collected by Union Indemnity Company, making a net loss of $305, which was sustained by Union Indemnity Company.

This action was commenced by Union Indemnity Company against Margaret G. Holmes and Martin M. Holmes, respondents herein, under subrogation rights granted it in its policy of insurance issued to Willis. The accident was caused by the admitted negligence of respondents. An answer was filed by respondents pleading as a special defense, a written release executed by William Willis and his wife Gertrude C. Willis, wherein in consideration of the sum of $2,000 they released respondents of all claim, demand, right or cause of action by reason of damage either to person or property as a result of the collision. The release was executed July 16, 1930.

On July 19, 1930, the Union Indemnity Company addressed to respondents a letter advising them the Union Indemnity Company carried collision insurance on the car of Mr. Willis and had paid a loss thereon in the sum of $350.

Subsequent to the commencement of this action the Union Indemnity Company became insolvent and E. Forrest Mitchell as insurance commissioner of the state of California, was substituted in its place as plaintiff.

The trial court made findings of fact in accordance with the allegations of the complaint and found that "at the time of the payment of said sum of $2,000.00 and the execution of said release, the defendants . . . and their agents had no knowledge . . . that said Union Indemnity Company . . . was subrogated to the rights of said William Willis in . . . any amount". Judgment was entered in accordance therewith. From which judgment plaintiff appeals asserting that there is no substantial evidence to sustain the finding of the trial court.

The familiar rule of appellate practice that where there is any substantial evidence to sustain the findings of fact the appellate court will not disturb the judgment of the trial court, requires no citation of authority.

An examination of the testimony of various witnesses discloses that the trial court could, as it did, arrive at the con-

clusion that the tort-feasors had no knowledge, actual or constructive, of the interest of the insurer.

The adjuster for the Occidental Indemnity Company, which company carried insurance on the respondents herein, and which company paid the $2,000 to Mr. Willis, testified that he was told by Mr. Willis that he carried some insurance but did not know what it was, and that he, the adjuster, did not know Mr. Willis carried any collision insurance. Mr. Armstrong of the Fireman's Fund Insurance Company, which carried the policy protecting respondents in regard to property damage, testified that not until the receipt of a letter from Union Indemnity Company a few days after the settlement of the claim was it known that the Union Indemnity Company was interested in the Willis car.

Mr. Roll, attorney for Union Indemnity Company, testified he wrote the letter referred to in the testimony of Mr. Armstrong and that it was the first communication to the parties in interest advising them that Union Indemnity Company had paid $350 on account of collision loss. Mr. Willis testified he told Mr. Randall, the adjuster for the Occidental Insurance Company, that he had been paid $350 by the Union Indemnity Company for the damage to the car, but that is denied by Mr. Randall, and it is not the province of this court to weigh conflicting testimony; that function has been performed by the trial court. We believe there is sufficient evidence to support the findings.

The release having been given therefor without knowledge of the interest of the Union Indemnity Company, the right of subrogation is lost. The case of *American Automobile Ins. Co.* v. *Clark,* 122 Kan. 445 [252 Pac. 215], seems to be directly in point. The court there said:

"It seems to have been plaintiff's theory of the case that defendant's settlement with Richardson had no bearing on plaintiff's subrogated claim against defendant. If such indeed was plaintiff's theory of the case, it was in error. Its claim against defendant drew its only virtue, if any it had, from its contract with Richardson. It received from Richardson by subrogation, by express or implied assignment, whatever right of action for damages Richardson had against Parker's employer, the defendant. If Richardson settled with defendant whatever claim he had against the latter, there was an end of defendant's liability. We might have

an altogether different case to consider if defendant had known of plaintiff's claim through subrogation to the rights of Richardson before defendant settled with Richardson. There was such an issue of fact in this lawsuit, but it was settled by the jury in favor of defendant, and there was no want of testimony to support that finding implied in the general verdict; and the fact that some rather persuasive testimony was adduced tending to show that defendant had been notified by the plaintiff's agent of its claim through subrogation after it had paid Richardson and before defendant had settled with Richardson is of no consequence, since the jury's general verdict discredited that testimony.''

The judgment therefore should be affirmed, and it is so ordered.

Thompson, J., concurred.