## PACIFIC FIRE INS. CO. v WYATT

Ohio Appeals, 9th Dist, Summit Co

No 3252. Decided Mar 15, 1940

Burch & Baird, Akron, for appellee.
Schnee, Grimm & Belden, Akron, for appellant.

## OPINION

By STEVENS, J.

On November 15, 1935, plaintiff (appellee) issued to defendant (appellant), in consideration of the payment of the required premium, its policy of collision insurance upon defendant's automobile, whereby it agreed to insure him against loss or damages arising from collision or upset of said automobile in excess of the sum of $75.

On December 15, 1935, while said policy was in full force and effect, said automobile was damaged by reason of the negligence of the driver of a motor truck owned and operated by the Interstate Motor Freight System.

Proof of claim was duly filed by Wyatt with the Pacific Fire Insurance Co. on the 23rd day of December, 1935, and on said day said claim was settled by said company through the payment to Wyatt of $319.60.

At that time the Pacific Fire Insurance Co. procured from Wyatt a paper which is designated as a subrogation receipt, by the terms of which Pacific Fire Insurance Co. was subrogated to

the extent of its payment to Wyatt for all claims and damages for loss and damage by collision.

Thereafter, Wyatt's damages not having been completely satisfied by the payment made by his own insurance company, claim was made by Wyatt against the Interstate Motor Freight System for $170, which he claimed was the amount of his damages over and above the amount of the payment made to him by his own insurance company.

On January 30, 1936, the insurance company carrying the insurance upon the truck of the Interstate Motor Freight System, paid to Wyatt and his wife, Fay Wyatt, the sum of $169, and at said time procured the execution of a general release by Wyatt and his wife, although said release does not specify to whom the same runs.

On January 31, 1936, Wyatt in writing notified Pacific Fire Insurance Co. that he had made claim by letter to the insurance company of Interstate Motor Freight System for his personal loss, and that it had paid said items by check.

On February 4, 1936, Pacific Fire Insurance Co. procured from Wyatt, for and in consideration of $1 and other good and valuable considerations, an individual assignment of all his rights, claims, and causes of action against the Interstate Motor Freight System.

From the foregoing it is apparent that the Pacific Fire Insurance Co., at the time it took said individual assignment, knew of Wyatt's settlement with the insurance company for the Interstate Motor Freight System, and of the items which the same covered, and that said settlement did not include anything for collision damage to Wyatt's automobile except the $75 deductible item which had not been paid by plaintiff.

Thereafter, the record discloses that the plaintiff did nothing in connection with its subrogated rights until it filed the instant suit against Wyatt on March 25, 1938, in which it sought the recovery of $319.60 as damages because Wyatt had executed a full and complete release to the Interstate Motor Freight System, and inferentially claimed that

he had thereby precluded plaintiff from recovering from the Interstate Motor Freight System the sum which it had paid to Wyatt as collision damages, and for which it had taken a subrogation receipt from him.

Trial in the Municipal Court without the intervention of a jury resulted in a judgment in favor of the plaintiff for the entire amount asked. Appeal on questions of law brings the matter into this court.

From our consideration of the record in this case, the oral testimony and the exhibits, it is perfectly apparent that Wyatt executed his subrogation receipt to the plaintiff only for the damages to his car arising out of said collision in the amount which had been paid by plaintiff. It is further apparent that Wyatt presented a claim to the Interstate Motor Freight System for only the damages over and above the amount paid to him by his own insurance company as collision damages, and that, despite the general release which he executed to the Interstate Motor Freight System, he did not seek, nor did he recover, anything for which he had already been paid by plaintiff. It is further apparent that, immediately upon effecting the settlement with Interstate Motor Freight System, he notified Pacific Fire Insurance Co. of the settlement, and that said company, after having received such notice, took a complete assignment of all of his rights against Interstate Motor Freight System, despite the fact that they had not paid any sum which entitled them to be subrogated to all of the rights of Wyatt.

A consideration of Wyatt's conduct throughout all of the negotiations in connection with the claims in question persuades the members of this court that Wyatt did nothing, and claimed nothing, which in law he was not entitled to recover; that the Pacific Fire Insurance Co. paid Wyatt only that which it owed him under the contract which it made with him, for which insurance Wyatt paid, and fully performed his part of the contract; that Wyatt collected nothing from the Interstate Motor Freight System except

that which was due him and in which the Pacific Fire Insurance Co. had no interest; that all the facts were known to the Pacific Fire Insurance Co. when it obtained said assignment from Wyatt, who acted throughout in the utmost good faith, and who did nothing which entitled the Pacific Fire Insurance Co. to a judgment against him for any amount whatever.

The trial court, on this evidence, should have entered a judgment in favor of the defendant.

The judgment is reversed; and this court, proceeding to render the judgment which the trial court should have rendered, orders that final judgment in favor of the defendant, at plaintiff's costs, be entered.

WASHBURN, PJ. and DOYLE, J., concur.