82 So.2d 277

## CALVERT FIRE INSURANCE COMPANY

v.

### P. Q. MADDOX et al.

5 Div. 431.

Court of Appeals of Alabama.

April 12, 1955.

Rehearing Denied May 17, 1955.

Walker & Walker, Opelika, for appellant.

L. J. Tyner, Opelika, for appellees.

PRICE, Judge.

Appellant, Calvert Fire Insurance Company, brought suit to recover from appellees, alleged third party tort-feasors, the amount which it had paid to a policyholder under an automobile insurance policy.

As originally filed the complaint consisted of two counts. Count 1 is as follows:

"1. The plaintiff, Calvert Fire Insurance Company, a corporation, claims of the defendants, P. Q. Maddox and Curtis Roy Craven, the sum of Five Hundred Twelve and 16/100ths ($512.16) Dollars for this: On, to wit, the 9th day of April, 1952, the plaintiff, which is engaged in the automobile insurance business, had in force a policy of collision insurance, to wit, Policy Number 208–11389, insuring the 1951 model two-ton automobile truck, Motor Number F6 Rimp. 25667, owned by H. J. Turner, and on, to wit, said date, while said policy of insurance was in full force and effect the defendants were engaged in the operation of a Ford F6 truck hauling gravel for the J. B. Maynard Construction Company upon a narrow, dirt road leading to and from a gravel pit being used at said time and place for two way traffic by numerous trucks hauling gravel and dirt for said Company, said road being in Lee County, Alabama, about 8 miles southerly from Opelika, Alabama, and the defendants then and there so

negligently operated said F6 Ford automobile truck that by reason of said negligence and as a proximate result and consequence of said negligence said automobile truck struck or collided with the 1951 model two-ton Ford truck which was insured by said policy of insurance, and which was then and there being driven by the said H. J. Turner along said road, where he had a right to be in his business of hauling gravel and dirt for the said J. B. Maynard Construction Company, whereby and as a proximate result and consequence of said negligence Turner's said Ford Truck was damaged, its differential housing damaged, its rear axles and springs strained, and broken, its wheels bent and its tires demolished, and its frame and chassis otherwise bent, twisted and crushed; and the plaintiff further avers that the estimated cost of repair of Turner's said truck was $738.13; that under the terms of the deductable clause of policy of insurance above referred to the plaintiff was not required to pay the first $225.97 of said damages, and consequently, on, to wit, April 15, 1952, the plaintiff paid to said Turner, the insured under the terms of said policy, the sum of $512.16 and received from him a loan receipt therefor; the plaintiff alleges that under the terms of said policy of insurance and of said loan receipt, and by operation of law, it became subrogated to the said Turner's claim for damages against the defendants in the amount of $512.16 for which it now sues."

Count 2 adopted all of count 1 and added the allegations that after plaintiff had paid Turner for his loss and had become subrogated to his interest, said Turner, without plaintiff's knowledge or consent, entered into an agreement with the defendant Maddox, whereby each released the other from any and all damages to their respective trucks by reason of the accident, and, that at the time of the execution of said release, Turner and defendants knew of plaintiff's subrogation claim, therefore, plaintiff is the sole party interested in the suit.

■ Demurrer was overruled as to count 1 and sustained to count 2. Plaintiff amended its complaint by adding count 3, which adopted all of the allegations of count 1 and added the allegations that after paying its insured $512.16, plaintiff's attorneys notified defendants by letters mailed May 6 and May 29, 1952, addressed to their proper mailing addresses, with copies mailed to insured, making demand upon them for payment of damage to Turner's truck, and averring further that the letters were not returned, and that on June 2, 1952, defendant Maddox and Turner entered into the release and at the time of the execution of the release, Turner and defendants knew of plaintiff's subrogation claim. Demurrer was sustained to count 3, and plaintiff amended the complaint by adding count 4, which adopted all of count 1, and added allegations of the manner of the notification to defendants, setting out the letters, and to the insured, of plaintiff's subrogation claim and that the letters were not returned to the sender, but after such notice the sender received through mail a copy of the release executed by Turner and Maddox, with Maddox' return address on the envelope. On May 11, 1953, the court sustained demurrer to count 4, and the next day defendants filed plea of the general issue, and plea 2, which sets up a release between insured and defendants. Plaintiff's demurrer to plea 2 was overruled. Plaintiff took a non-suit, Tit. 7, Sec. 819, Code 1940, and assigns as error the rulings of the court sustaining demurrers to count 2 of the original complaint, counts 3 and 4 of the complaint as amended, and the overruling of the demurrers to plea 2. Assignment of error as to sustaining of demurrer to count 2 is waived by failure to argue the same in brief. Alabama Digest, Appeal & Error ⊕1078(1); MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570.

The main theory of appellant's contention that the trial court erred in sustaining demurrer to counts 3 and 4 is that the averments in said counts sufficiently allege knowledge by defendants of plaintiff's subrogation claim at the time of defendants settlement with insured and the execution of the release agreement between insured and one of the defendants.

■ We are limited, on this appeal, to a consideration of only such rulings of the court as culminated in, and superinduced the taking of, the non-suit entered on May 13, 1953. Cauble v. Boy Scouts of America,

250 Ala. 152, 33 So.2d 461; Mullins v. Alabama Great Southern Ry. Co., 239 Ala. 608, 195 So. 866.

The judgment entry recites: "On this May 13, 1953, the plaintiff by attorneys makes known to the court that it takes a non-suit, because of the adverse rulings of the court."

■ The recitals of the judgment as to the cause of the non-suit is conclusive, Garner v. Baker, 214 Ala. 385, 108 So. 38, and if the judgment entry does not specify with particularity the ruling or rulings necessitating the non-suit, "the court must for itself determine, within the recitals thereof (Long v. Holley, 157 Ala. 514, 47 So. 655), just what was the ruling or rulings which obstructed plaintiff's 'right * * * to proceed in his effort for recovery.' " City of Mobile v. Board of Revenue and Road Commissioners of Mobile County, 219 Ala. 60, 121 So. 49, 51.

■ Even if appellant had argued error as to the ruling of the court in sustaining demurrer to count 2 of the original complaint, we think it is clearly settled that we would not be authorized to review this action of the court. "If the plaintiff had desired a decision upon the question presented by the demurrer to the original complaint, it could have declined to plead further after the demurrer to the original complaint was sustained, and, in this way, have presented to us * * * that question for review." Alabama Great Southern R. Co. v. H. Altman & Co., 191 Ala. 429, 67 So. 589, 591. See also City of Mobile v. Board of Revenue and Road Commissioners, supra, and Cauble v. Boy Scouts of America, supra. This holding would, of course, also apply to the ruling of the court sustaining demurrer to count 3 of the complaint as amended.

There was no non-suit when demurrer was sustained to count 4, the non-suit being taken after the filing of the pleas and the overruling of plaintiff's demurrer to plea 2.

■ After a consideration of the record, we are of the opinion, as was said in City of Mobile v. Board of Revenue and Road Commissioners, supra, that in the absence of a specific recital in the judgment that the ruling on demurrer to count 4 was one of the inducements to the non-suit we should not so hold, but we conclude that the action of the court in overruling plaintiff's demurrer to plea 2 was the ruling which obstructed plaintiff's right to proceed in its effort for recovery, therefore it is the only question we are to consider. "If this were not true, on such appeal, we would open the way to a consideration of all the rulings prior to the nonsuit, contrary to the uniform decisions of this court." City of Mobile v. Board of Revenue and Road Commissioners, supra.

■ Plea 2 set up that on June 2, 1952, plaintiff's insured, for a valuable consideration, released defendants from any and all damages to insured's truck by reason of the collision described in the complaint. The written release relied on was set out in the plea. It was further averred that at the time of the execution and delivery of the release defendants had no notice or knowledge that the truck was in any manner insured by plaintiff.

In brief of counsel insistence is made that the trial court erred in overruling demurrer to the plea on the theory that "upon the insurer's making the payment due under the policy, it becomes unconditionally subrogated to so much of the claim for damages as it paid for, and the insured had unconditionally assigned so much of his claim. After making such assignment the insured no longer possessed the claim for that part of the damages and therefore could not release it."

We have not been cited to nor have we found a case in Alabama where this exact question has been considered, however, the rule is well established in other jurisdictions that an insurance company's "right to subrogation is lost as against a wrongdoer who, without notice of insurer's rights, settled with and was released from liability by insured". 46 C.J.S., Insurance, § 1209, p. 159. See also Kidd v. Hillman, 14 Cal.App. 2d 507, 58 P.2d 662; Mitchell v. Holmes, 9 Cal.App.2d 461, 50 P.2d 473; Pacific Fire Ins. Co. v. Smith, Tex.Civ.App., 219 S.W.2d

198

710; Gulf Ins. Co. v. White, Tex.Civ.App., 242 S.W.2d 663; 29 Am.Jur. Insurance, Sec. 1344.

In Kidd v. Hillman, supra [14 Cal.App.2d 507, 58 P.2d 663], the argument was, as here, that insurer, having indemnified the insured for damages to her automobile, became subrogated to her right of action, and insured, at the time she executed the release to appellant tort-feasor, had no right, title or interest in the damage to her automobile. The court stated: "There is no merit in the contention. Appellant herein had no knowledge, so far as the record shows, that the insurance carrier had compensated plaintiff for the damage she suffered. The release was therefore binding on the company".

The rule would not be changed because of an assignment in writing to insurer of insured's claim against a third person.

We are of the opinion the demurrer to said plea 2 was properly overruled.

The judgment of the court below is ordered affirmed.

Affirmed.