MOTORISTS MUTUAL INSURANCE CO., APPELLANT, *v.* GERSON, D. B. A. NATE'S DISTRIBUTING CO., APPELLEE.

(No. 1486—Decided November 9, 1960.)

*Mr. Frank W. Petrancek*, for appellant.
*Messrs. Keep & Scholz*, for appellee.

HUNSICKER, J. On June 30, 1958, an automobile owned by Roy Stone, but operated by his wife, Gladys Stone, was involved in a collision with a truck driven by Nathan Gerson.

Motorists Mutual Insurance Company had a policy of collision insurance with Mr. Stone, which contained a $50 deductible clause. The insurance company entered into a subrogation agreement, dated August 15, 1958, with Mr. Stone, becoming thereby subrogated to a claim against Mr. Gerson in the amount which the insurance company paid Mr. Stone in excess of $50. The sum thus paid by the insurance company for the repair of the Stone automobile above the amount of $50 was $119.61.

The insurance company, pursuant to its rights under the contract of subrogation, filed an action against Mr. Gerson to recover the sum of $119.61. Mr. Gerson said, by way of defense, in addition to a denial of liability for any negligence claimed by the insurance company, that Mr. Stone, for the sum of $50, had signed a release of all claims to his automobile arising out of the collision of June 30, 1958.

The action by the insurance company against Mr. Gerson was filed on July 9, 1959, and residence service was had on July 10, 1959. The release by Mr. Stone to Mr. Gerson is not dated. There is no testimony that it was signed on or prior to July 10, 1959. The trial court determined that the collision occurred by reason of the negligence of Mr. Gerson.

The trial court rendered a judgment against the insurance company, setting forth, in a conclusion of fact and conclusion of law filed in this case, that:

"3. As a matter of law the release executed by Roy Stone released all further claims of Roy Stone and the plaintiff now having no further right to recovery then Roy Stone is barred from recovery in the premises."

The question before us in this appeal on questions of law is, whether a full and complete release, executed by an insured in favor of a wrongdoer, bars any subsequent right of recovery against the wrongdoer by the insurer on a subrogation claim executed by the insured in favor of his insurer. We are not herein concerned with any possible action against the insured by the insurer, based upon a claim of breach of the contract of insurance.

There is no claim that a fraud has been committed by Mr. Gerson in obtaining the release from Mr. Stone, and there is no evidence that a fraud has been committed by the parties to this release. Mr. Stone testified that: an insurance man came to see him about the settlement; he was interested only in getting paid the balance due him for the repair of his automobile above the amount paid by his insurer; he did not know much about the release, except that he was paid $50; his wife told him to sign the release, which he did; and, he does not know the date when it was signed.

We, as individuals, may have some question as to the ethics of the insurance company that secured from Mr. Stone the release now claimed as a bar to this action by Motorists Mutual Insurance Company, yet we cannot indulge in speculation or guess as to what occurred between Mr. Stone and Mr. Gerson's insurer, except as is found in the general release of all claims signed by Mr. Stone. So far as the record shows, none of the parties knew what the other was doing with reference to the various claims.

It is, however, significant that the amount of the Gerson settlement was for the amount of the deductible portion of the insurance policy carried by Mr. Stone—to wit, $50. The insured, by receiving from Mr. Gerson $50, and from the insurer, Motorists Mutual Insurance Co., $119.61, has been thus indemnified fully for only his actual loss, and not for a sum over and beyond the claimed loss.

It may thus be argued that the release given by Stone to Gerson for a consideration of $50 was only to be effective for the loss in excess of the insurance carried by Stone, and that the right of the insurance company to proceed to collect the balance of the loss was not barred because of this release.

The Supreme Court of Ohio said, in *Holibaugh* v. *Cox*, 167 Ohio St., 340:

"2. Where the total damages to an insured, resulting from the commission of a tort, exceed the amount for which he has been reimbursed by his insurer, such insured may recover such excess of loss from the tort-feasor. (*Newcomb* v. *Cincinnati Ins. Co.*, 22 Ohio St., 382, approved and followed.)"

There seems to be no Ohio case directly in point on the

question herein. Other jurisdictions have had the problem, which has been solved on the basis of knowledge or lack of knowledge on the part of the tort-feasor as to the contract of subrogation entered into between the insurer and the insured, or on the basis of settlement of a disputed claim of liability prior to any payment by the insurer to the insured.

In *Gulf Ins. Co.* v. *White* (Texas), 242 S. W. (2d), 663, a release to the tort-feasor for $50, the deductible amount of the policy, was made before the payment of the insurer to the insured; and, their being no fraud, such release was a bar to action by the insurer against the tort-feasor.

In the case of *Mitchell, Ins. Commr.,* v. *Holmes,* 9 Cal. App. (2d), 461, 50 P. (2d), 473, the court, following an earlier Kansas case, *American Automobile Ins. Co.* v. *Clark,* 122 Kan., 445, 252 P., 215, said that, since the release of the tort-feasor was given without knowledge of the interest of the insurer, the right of subrogation was lost. The release in that case was executed on the same day the insurer paid the loss under its policy to the insured.

To the same general effect is the case of *Calvert Fire Ins. Co.* v. *Maddox,* 38 Ala. App., 194, 82 So. (2d), 277.

In *Wolverine Ins. Co.* v. *Klomparens,* 273 Mich., 493, 263 N. W., 724, an insurer was not barred from prosecuting his cause of action against the wrongdoer who had secured a release from the insured, on the basis that the wrongdoer had knowledge, prior to obtaining the release, of the subrogation agreement given by the insured to the insurer. This rule, based on prior knowledge of the subrogation agreement, is found in *Pennsylvania Fire Ins. Co.* v. *Harrison* (La. App.), 94 So. (2d), 92; *Pittsburgh, C., C. & St. L. Ry. Co.* v. *Home Ins. Co. of New York,* 183 Ind., 355, 108 N. E., 525; and *Powell & Powell* v. *Wake Water Co.,* 171 N. C., 290, 88 S. E., 426.

It seems to be a well-established rule that, if an insured settles with or releases a wrongdoer from liability for a loss before payment of the loss has been made by the insurance company, the insurance company's right of subrogation against the wrongdoer is thereby destroyed. *Hilley* v. *Blue Ridge Ins. Co.,* 235 N. C., 544, 70 S. E. (2d), 570; *Weber* v. *United Hardware & Implement Mutuals Co.,* 75 N. D., 581, 31 N. W. (2d), 456, and authorities therein cited.

Interesting Ohio cases bearing generally on the matter herein are: *United States Fire Ins. Co.* v. *Phil-Mar Corp.*, 166 Ohio St., 85, and *Pacific Fire Ins. Co.* v. *Wyatt*, 35 Ohio Law Abs., 336.

No witness testified that Mr. Gerson, the tort-feasor herein, was informed that Mr. Stone had collision insurance, and that because of that insurance the amount claimed by Mr. Stone from Mr. Gerson was only a fraction of the damages sustained in the collision. Such knowledge, however, can be inferred from the fact that the $50 paid to Mr. Stone was paid by an insurance man who came to Mr. Stone representing Mr. Gerson; the amount so paid was only for the sum of $50, when surely Mr. Gerson (using his own testimony given at the trial) knew that Mr. Stone suffered more than such an amount of damages; $50 represented only the deductible portion of the collision insurance carried by Mr. Stone; Mr. Stone did testify that he said he wished only the balance due him; there is no claim that the release was executed prior to the payment by Motorists Mutual Insurance Company to Mr. Stone of the amount of his loss, less the deductible portion of the policy, and there is no claim that the release was executed prior to the action begun by Motorists Mutual Insurance Company against Mr. Gerson.

From an examination of all the facts in this case, the only conclusion that can be reached is that the wrongdoer, Mr. Gerson, or his insurance representative, had full knowledge of all the facts concerning the insurance carried by Mr. Stone, and the subrogation rights which legally follow such a contract of insurance.

For the reasons herein set forth, we determine that the trial court committed error prejudicial to the substantial rights of Motorists Mutual Insurance Company. The judgment entered herein is therefore reversed as being contrary to law.

The trial court having determined, by the conclusions of fact filed in this case, that Mr. Gerson, the appellee herein, was negligent, that such negligence was the proximate cause of the damages suffered by the parties, and that such damages were in the amount of $119.61—more than the deductible provision of the insurance contract—final judgment in the amount prayed for in the trial court is awarded to Motorists Mutual Insurance Co.

Judgment reversed and final judgment entered for the appellant.

*Judgment reversed.*

Doyle, P. J., and Stevens, J., concur.