This appeal comes directly from the District Court of Montgomery County to this court pursuant to § 12-12-72, Code of Alabama (1975). We affirm.
The facts giving rise to this case are as follows:
Greg Miller was employed by the Alabama Development Office (ADO), an agency of the State of Alabama, as a driver. On October 30, 1979, while in the course of his employment and driving a State-owned vehicle, Miller collided with a vehicle owned by Alabama Printers, Inc. (Printers). At the time of this accident, Auto-Owners Insurance Co. (AOIC) was providing automobile insurance coverage for Printers.
On November 8, 1979, its vehicle apparently a total loss, Printers executed a bill of sale to its insurer AOIC for the vehicle. In return AOIC paid Printers $3,150 pursuant to its collision coverage, and was assigned the rights, title and interest to all claims resulting from the October 30 accident through a subrogation agreement with Printers. Also on December 6, Printers filed a claim with the State Board of Adjustment, seeking $400 in damages arising out of the accident, $200 for the deductible on the collision policy and $200 for out-of-pocket expenses for the loss of use of the vehicle. The claim clearly stated in two places that Printers was insured by AOIC and that AOIC had paid collision coverage in the amount of $3,150.
On May 6, 1980, suit was filed in the names of Printers and AOIC against Miller, individually, seeking damages of $3,350 plus *Page 1203 
costs. On May 22 the State Board of Adjustment paid the claim of Printers, and Printers executed a release of all claims against the State of Alabama, its departments, agencies, institutions, officers and employees, arising from the accident of October 30, 1979.
The case against Miller proceeded to trial before the district court. On July 23, 1980, Miller was found liable in the amount of $2,800 to AOIC, the subrogee-insurer. Plaintiff Printers was voluntarily dismissed with prejudice.
Miller filed notice of appeal to this court and the parties entered an agreed stipulation of facts and waived jury trial in the circuit court. These procedures were in compliance with a §12-12-72 appeal.
The dispositive issue on appeal is whether the release executed by the insured, Printers, bars the cause of action of the insurer-subrogee, AOIC, against the party causing the loss, defendant Miller.
There have been very few cases in Alabama dealing with the question here presented. However, our courts have adopted the rule that an insurance company's right to subrogation is lost as against a wrongdoer who, without notice of the insurer's rights, settled with and was released from liability by the insured. Calvert Fire Insurance Co. v. Maddox, 38 Ala. App. 194,82 So.2d 277 (1955). A statement found at 46 C.J.S. Insurance § 1209 at 155 (1946) expresses both that rule and the natural converse thereof.
 When a wrongdoer chargeable with notice of insurer's rights as subrogee of the insured makes a settlement with insured to which insurer is not a party, the settlement will be regarded as having been made subject to the rights of the insurer, and without destruction thereof; but a general release by insured to a third person without notice or knowledge of the insurance company's rights is a bar to the company's claim to subrogation.
Having made a thorough review of the authorities, we believe the correct and applicable rule to be consistent with the statement set forth above. Thus, if the tort-feasor has notice or knowledge of the insurer's rights as subrogee at the time the release is executed by the insured, that release will be regarded as subject to the rights of the insurer-subrogee. If, on the other hand, the tortfeasor is without notice or knowledge of those rights at the time of execution of the release, the release will act as a bar to the insurer-subrogee's claim. The question, therefore is reduced to one of notice or knowledge. Did Miller have notice or knowledge of AOIC's subrogation rights at the time Printers executed the release?See, Collins v. Mobile O.R. Co., 210 Ala. 234, 97 So. 631
(1923).
Defendant asserts that no notice existed. He grounds that assertion upon the stipulation of facts submitted by the parties for the purpose of appeal. The stipulated fact upon which he relies reads as follows:
 15. At no time did AOIC give to ADO or Miller notice of its subrogation to [the rights of] Alabama Printers. . . .
We take this stipulated fact to be true upon our review. Mobleyv. Turner, 346 So.2d 427 (Ala. 1977). We are bound to say that the insurer never gave notice of its subrogation rights to the defendant. However, this fact is not determinative. It is abundantly clear from the record that Miller and his employer, the State of Alabama, had actual notice of AOIC's interest prior to the execution of the release by Printers.
Without regard to notice to Miller through notice to his employer, by the filing of the claim of Printers in December 1979, Miller did receive actual notice of the interest of AOIC by the service of the suit against him on May 8, 1980. The release of which he claims benefit was not executed until May 22, 1980.
Litigation to enforce the insurer's subrogation claim, pending at the time of the tortfeasor's settlement with the insured, ordinarily will constitute sufficient notice of insurer's interest to the tortfeasor. 92 A.L.R.2d 102 at 140 (1963). Suit was filed against Miller and service was had upon him at least two weeks prior to the execution of the release. That suit, filed prior to *Page 1204 
the execution of the release, particularly where brought in the name of the insurer, was sufficient to apprise Miller of the insurer's interest. Wichita City Lines, Inc. v. Puckett, 156 Tex. 456, 295 S.W.2d 894 (1956).
We also consider that notice to his employer, State of Alabama, via the filing of the claim of Printers for payment of the deductible of its insurance with AOIC, was also notice to Miller. It was the employer which paid the consideration for and obtained the release by which Miller seeks to avoid liability.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.