MOTORISTS MUTUAL INSURANCE COMPANY *v.* YATES.

6

(No. 87-CVE-5688 — Decided June 17, 1988.)

Dayton Municipal Court, Civil Division.

*Michael R. Eckhart,* for plaintiff.
*Young & Alexander Co., L.P.A.,* and *John A. Smalley,* for defendant.

POLEY, Acting Judge. The issue in this case is whether the United Services Automobile Association ("USAA") and its claims examiner were on notice of the medical payments subrogation claim of Motorists Mutual Insurance Company.

Generally, if an insurance carrier pays an insured party, then the insurance carrier becomes subrogated to the rights of its insured and acquires the same rights as the insured against a third party. The insurance company's rights are no greater than the insured's rights.

Two Ohio cases, *Motorists Mut. Ins. Co.* v. *Gerson* (1960), 113 Ohio App. 321, 17 O.O. 2d 333, 177 N.E. 2d 790; and *Hartford Acc. & Indemn. Co.* v. *Elliott* (1972), 32 Ohio App. 2d 281, 61 O.O. 2d 346, 290 N.E. 2d 919, state exceptions to this general rule. *Gerson* states that:

"A release of all claims, executed by an insured in favor of a wrongdoer, does not bar a subsequent right of recovery against the wrongdoer by the insurer, to whom a subrogation agreement has been given by the insured, where such wrongdoer knows that the insured has executed an agreement of subrogation with such insurer." *Id.* at the syllabus.

The court in *Hartford* stated that:

"A tortfeasor who settles the claim of a party injured by his act with full awareness of the fact that the claim has been subrogated is liable to the subrogee for the amount paid out by such subrogee." *Id.* at the syllabus.

The essential element in those two exceptions is notice. The wrongdoer's insurance company must be on notice that the injured party's rights have been subrogated to his own insurance company in order for the injured party's insurance company to make a successful claim after the wrongdoer's insurance company has settled with the injured party.

A review of the stipulation of facts, including documents and the affidavit of the USAA casualty examiner, Janice Rudolph, shows that letters were sent to the tortfeasor, William M. Yates, claiming a subrogated interest in the payments made to Roger Reese for damages suffered as a result of the acts of the tortfeasor and defendant herein.

At no place in the Motorists Mutual letters to Yates, the defendant and tortfeasor, is there a request for subrogation for medical payments. There is only an initial request on September 18, 1985, for damages to Reese's automobile, which automobile was insured by Motorists Mutual, and a later request for a larger sum of money. The other Motorists Mutual letters state that the Ohio Bureau of Motor Vehicles may suspend, and then have suspended, Yates' registration and driving privileges. There are additional statements concerning a lawsuit being filed against Yates.

There is no evidence that Yates, the tortfeasor and USAA insured in Rapid City, South Dakota, made any effort to communicate these letters to his insurance carrier; therefore, we must rely upon the affidavit submitted by Janice Rudolph of USAA, the defendant's insurance carrier's examiner. She averred that she settled the Reese bodily injury claim on January 6, 1985. (Other references in the stipulation and a memorandum of law

patently show that January 6, 1986, was the correct date.) Since there is no evidence that Reese did inform USAA that he had accepted medical payments from his carrier (and the letters requesting subrogation were not only nonspecific but untimely), the evidence does not show that USAA was on notice of Motorists Mutual's medical payment subrogation claim of its insured, Reese.

In the future, Motorists Mutual Insurance Company should advise its insured parties that subrogation rights will be asserted and that any settlements made by the insured (in this case, Reese) for bodily injury will require repayment for their medical payments from their settlements.

Upon consideration of the stipulation of facts including the numerous exhibits, the affidavit of casualty examiner Janice Rudolph of USAA, and the memoranda of law submitted by the opposing parties, Motorists Mutual Insurance Company has failed to show notice to USAA of its subrogation rights to the medical payments made to its insured and the non-negligent party, Reese.

The notice of a subrogation claim must be specific in order to place the insurance company on notice of a specific claim; otherwise, a general, non-specific subrogation claim can not place a carrier on notice for any specific type of subrogation claim, including property damages or medical payments. If this notice requirement is not specific, then the insurance company is placed in a position of being unable to settle anything in a good faith manner with the non-negligent party.

In light of the failure of Motorists Mutual Insurance Company to give a timely notice of its medical payment subrogation, it is ORDERED, ADJUDGED AND DECREED that Motorists Mutual Insurance Company's claim be dismissed.

*Judgment accordingly.*

JOHN D. POLEY, Acting Judge for DANIEL G. GEHRES, J.