{¶ 1} Plaintiff-appellant, QualChoice, Inc. ("QualChoice"), appeals from the trial court's decision that denied its claim against defendant-appellee, Jason D. Mattice, for reimbursement of medical payments it made to its insured, third-party defendant/cross-appellant, Allen Henderson. For the reasons that follow, we affirm the trial court's decision and overrule the cross-appeal as moot.
 {¶ 2} Henderson sustained injuries in a motor vehicle accident caused by Mattice in July 2004. Subsequently, Henderson settled his property damage and bodily injury claims. Mattice and his insurer, US Auto Insurer Company, proposed a settlement and release with Henderson for $12,500. Thereafter, Henderson negotiated the settlement check dated October 19, 2004, that included a notation "Full and Final Settlement of All Bodily Injuries Claims — BI." Beyond this check, there is no other writing signed by Henderson in the record.
 {¶ 3} Some time later, in March 2005, QualChoice commenced this action against Mattice seeking reimbursement for medical expenses it had paid for Henderson as a result of the motor vehicle accident. Mattice raised various defenses including that QualChoice's claim was barred by payment, accord, and satisfaction and release. Mattice also filed a third-party complaint against Henderson seeking indemnification and contribution in the event that he was found liable to pay QualChoice on its claim. *Page 4 
 {¶ 4} Mattice filed a motion for summary judgment, which the trial court granted. The trial court denied Henderson's motion for summary judgment, which forms the basis of the cross-appeal.
 {¶ 5} The cross-appeal is not properly before this Court. State exrel. Overmeyer v. Walinski (1966), 8 Ohio St.2d 23 ("An order denying a motion for summary judgment is not a final appealable order. SeePriester v. State Foundry Co., 172 Ohio St. 28.") However, the trial court's award of summary judgment to Mattice rendered the third-party complaint for indemnification and contribution against Henderson moot. Accordingly, the trial court's decision that granted Mattice's motion for summary judgment is ripe for our review.
 {¶ 6} "I. The trial court erred in ruling as a matter of law that settlement of a bodily injury claim with the injured party only, acts as a settlement of the separate, independent subrogated claim of a health insurer when no release was ever executed by the injured party prior to `notice' of the subrogated claim to the tortfeasor."
 {¶ 7} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds *Page 5 
could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741.
 {¶ 8} "A tortfeasor who settles the claim of a party injured by his act with full awareness of the fact that the claim has been subrogated is liable to the subrogee for the amount paid out by such subrogee."Hartford Acci. Indem. Co. v. Elliott (1972), 32 Ohio App.2d 281, syallabus.[1]
 {¶ 9} Henderson, in his answer to the third-party complaint, admitted that he did make a settlement with US Auto. There is no evidence in the record that Mattice and/or US Auto had any knowledge of QualChoice's alleged subrogation rights until after it had issued, and Henderson had negotiated, the settlement check with its endorsements.
 {¶ 10} QualChoice maintains that even though Mattice and US Auto settled Henderson's claims without notice of its right to subrogation, they are still liable to QualChoice because they did not also obtain a "written release" of its subrogation claims. QualChoice relies on the following excerpt from United States Fidelity *Page 6 Guaranty Co. v. Buckeye Union Ins. Co. (Sept. 30, 1986), Sixth District App. No. L-85-377:
 {¶ 11} "Ohio case law recognizes that a subrogee insurance company may recover the subrogated amount from a tortfeasor who settles the claim of a party injured by his act and executes a release with full awareness of the fact that the claim has been subrogated. See Hartford Co. v.Elliott (1972), 32 Ohio App.2d 281; Motorists Mutual Insurance Co. v.Gerson (1960), 113 Ohio App. 321;"
 {¶ 12} QualChoice maintains this establishes that a written release is required prior to notice of subrogation before its claim against Mattice could be extinguished.
 {¶ 13} A review of the case law does not support QualChoice's interpretation. Buckeye Union, in the above-quoted excerpt, relied on the authority of Gerson and Elliot; and neither case held that a written release was required to extinguish a subrogee insurer's claim against a tortfeasor. In Gerson, the Ohio Supreme Court observed: "[i]t seems to be a well-established rule that, if an insured settles with orreleases a wrongdoer from liability for a loss before payment of the loss has been made by the insurance company, the insurance company's right of subrogation against the wrongdoer is thereby destroyed."Motorists Mut. Ins. Co. v. Gerson (1960), 113 Ohio App. 321, 324, emphasis added, citing Hilley v. Blue Ridge Ins. Co., 235 N.C., 544, 70 S.E. (2d), 570; Weber v. United Hardware Implement Mutuals Co., 75 N.D., 581, 31 N.W. (2d), 456, and authorities therein cited. *Page 7 
 {¶ 14} Rather, the critical question is whether the tortfeasor had knowledge or notice of the subrogee insurance company's claim priorto entering a settlement or obtaining a release from the injured party. If so, not even a written release could extinguish the subrogee's claim against the tortfeasor. Gerson, 113 Ohio App. 321, syllabus ("A release of all claims, executed by an insured in favor of a wrongdoer, does not bar a subsequent right of recovery against the wrongdoer by the insurer, to whom a subrogation agreement has been given by the insured, where such wrongdoer knows that the insured has executed an agreement of subrogation with such insurer.")
 {¶ 15} In this case, there is no evidence that Mattice or US Auto had any notice of QualChoice's subrogation claim prior to settling with Henderson. Accordingly, QualChoice's right of subrogation against Mattice and US Auto was destroyed when Henderson negotiated the settlement check, which included an endorsement of "Full and Final Settlement of All Bodily Injuries Claims — BI."
 {¶ 16} QualChoice's sole assignment of error is overruled.
 {¶ 17} Judgment affirmed; cross-appeal overruled as moot. *Page 8 
It is ordered that appellant, QualChoice Inc., shall pay all costs herein taxed pertaining to the direct appeal. Cross-appellant, Allen Henderson, shall pay all costs herein taxed pertaining to the cross-appeal.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and MARY EILEEN KILBANE, J., CONCUR
[1] In Elliot, the Ohio Supreme Court emphasized as follows: "[t]he sole and narrow question involved in this appeal is whether a third-party tortfeasor is liable to a subrogee by virtue of a subrogation agreement between the injured party and his insurance carrier where the tortfeasor is placed on notice of the subrogation of the claim before the tortfeasor settles with the injured party, and as a corollary proposition, whether the subrogee can maintain an action in its own name against the tortfeasor." *Page 1