HARTFORD ACCIDENT and INDEMNITY Co., APPELLEE, *v.* ELLIOTT, APPELLANT.

(No. 11694—Decided April 17, 1972.)

*Messrs. Bloom, Greene & Uible,* for appellee.
*Mr. Edward J. Utz,* for appellant.

YOUNG, J. This is an appeal from the action of the Common Pleas Court of Hamilton County, Ohio, granting a motion for summary judgment in favor of the plaintiff, appellee herein, against the defendant, appellant herein. The single assignment of error claimed by the defendant is that the trial court erred in sustaining the appellee's motion for summary judgment for the reason that medical expenses resulting from bodily injury sustained by accident are not assignable and no subrogated interest can exist in them.

Briefly, the facts of the case are as follows. Eva Akers was injured in an automobile collision while riding in an automobile insured by the plaintiff. The other car in that collision was operated by the defendant, who is charged in the second amended petition with having failed to keep a proper lookout and in failing to bring his vehicle to a stop within the assured clear distance ahead, thereby colliding with the rear of the vehicle in which Eva Akers was a passenger and causing certain injuries to her which required medical expenses in the sum of $949.76.

The plaintiff was the insurer of the vehicle in which Eva Akers was a passenger and paid the medical expenses incurred by her. The plaintiff's insurance policy contained a subrogation provision and after the payment of medical expenses the plaintiff became subrogated in the amount of the medical expenses and placed the defendant and his insurance carrier on notice of its subrogation claim.

Thereafter, the defendant's insurance carrier settled the claim of Eva Akers with her personally, but rejected and refused to pay the subrogated medical payment claim of the plaintiff, notifying the plaintiff that it did not intend to recognize that claim.

The sole and narrow question involved in this appeal is whether a third-party tortfeasor is liable to a subrogee by virtue of a subrogation agreement between the injured party and his insurance carrier where the tortfeasor is placed on notice of the subrogation of the claim before the tortfeasor settles with the injured party, and as a corollary proposition, whether the subrogee can maintain an action in its own name against the tortfeasor.

It should be made clear at the outset that the issue of the assignability of a claim for personal injury, particularly one for pain and suffering, is not involved in the instant case. This leads to the question of the assignability of a part of the claims of an injured party.

In *Nationwide Ins. Co.* v. *Steigerwalt*, 21 Ohio St. 2d 87, the court said in the second paragraph of the syllabus:

"For the limited purpose of prosecution of a claim under a policy of automobile insurance, a single cause

of action may be *divided* to the extent that the insurer, subrogated to a part of a claim assigned by the insured, may prosecute its claim in a separate action against the tortfeasor.''

In so holding, the court indicated it was following *Hoosier Casualty Co.* v. *Davis*, 172 Ohio St. 5.

The part of the insured's claim which was assigned in the *Nationwide* and *Hoosier* cases, *supra*, related to property damages to the motor vehicles of the insured. The question immediately arises as to why any distinction should be made in the reimbursing of the insured for money spent for property damages and that spent for medical expenses. The answer is that there should be no difference and that the insurer can be subrogated to either or both claims if the insurance policy so provides.

The subrogee thereupon becomes the real party in interest and has the right to maintain an action in the name of the subrogee against the tortfeasor for, in the words of the United States Supreme Court, in *United States* v. *Aetna Casualty & Surety Co.*, 338 U. S. 366, 380, 381: ''[A] subrogee [who] has paid an entire loss suffered by the insured * * * is the only real party in interest and must sue in its own name.'' An insurer who has paid only part of the loss suffered by the insured (partial subrogee) may bring suit alone as a real party in interest, and it is not required that suit be brought in the name of the insured for his own use and for the use of the insurance company.

The judgment of the Court of Common Pleas of Hamilton County, Ohio, is, therefore, affirmed.

*Judgment affirmed.*

HESS, P. J., and SHANNON, J., concur.