**In re Donald DuBOSE and Carrie L. DuBose, Debtors.**

**Richard B. GINLEY, Trustee, Plaintiff,**

v.

**BLUE CROSS AND BLUE SHIELD OF OHIO, Defendant.**

Bankruptcy No. 93–14174(B).
Adv. No. 94–1243.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Oct. 31, 1994.

Richard Ginley, Cleveland, OH, for plaintiff.

Richard G. Waldron, Cleveland, OH, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter came before this Court upon Defendant, Blue Cross And Blue Shield of Ohio's (Blue Cross) Motion For Summary Judgment filed pursuant to Bankruptcy Rule 7056. The Plaintiff, Richard B. Ginley (Trustee) filed a Complaint To Avoid Postpetition Transfer And For Return Of Property Or Its Value premised on § 549 of the Bankruptcy Code. 11 U.S.C. § 549. The Defendant Blue Cross seeks summary judgment with respect to the Plaintiff's complaint. Upon a hearing and due consideration, the Court makes the following findings of fact and conclusions of law:

### I.

In this core proceeding, Blue Cross provides medical insurance coverage to Donald DuBose and Carrie L. DuBose (the Debtors) pursuant to a group policy covering Carrie DuBose. The policy contains a subrogation provision. On or about December 17, 1992, the Debtors were involved in an automobile accident. As a result of the accident, Donald DuBose (Mr. DuBose) incurred medical expenses totaling $5,772.09. Blue Cross paid this sum on behalf of Mr. DuBose.

On or about November 17, 1993, the Debtors settled a personal injury claim that arose out of the automobile accident. From this settlement, Blue Cross was paid $5,772.09 by USAA Claims, the insurance carrier for the tortfeasor, in satisfaction of Blue Cross' subrogation claim against the tortfeasor. It is this postpetition transfer of $5,772.09 from USAA Claims to Blue Cross that the Trustee has sought to avoid and recover as estate property under § 549 of the Bankruptcy Code. Blue Cross seeks to dismiss the complaint, generally, upon the assertion that since the money in question is not the property of the Debtors' estate, there is no genuine issue of any material fact for a trial.

### II.

The dispositive issue is: Whether a material issue of fact exists as to the ownership rights of the postpetition payment of money from USAA Claims to Blue Cross?

### III.

In bankruptcy, summary judgment is governed in the first instance by Bankruptcy Rule 7056. By its express terms, the rule incorporates into bankruptcy practice the standards of Rule 56 of the Federal Rules of Civil Procedure. Bankr.R. 7056. Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

Rule 56 Summary Judgment

(c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.Civ.P. 56.

In summary judgment matters, the moving party bears the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265

(1986). In the instant case, Blue Cross bears that burden. The absence of a dispute over material facts is a necessary condition for granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Blue Cross asserts that there is no material fact at issue in that the postpetition payment of $5,772.09 from USAA Claims to Blue Cross does not belong to the Debtors' estate, but belongs to Blue Cross outright by virtue of its subrogation rights under an insurance contract. (Defendant's Brief in Support of Motion For Summary Judgment, p. 1). The Trustee contends that the postpetition payment to Blue Cross is estate property and is therefore an avoidable postpetition transfer under § 549 of the Bankruptcy Code. Pursuant to § 549:

§ 549 Postpetition Transactions.

(a) Except as provided in subsections (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) made after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court. 11 U.S.C. § 549(a).

■ A central issue in determining whether a transfer of property is avoidable under § 549 is whether there has been a transfer of an interest of the debtor in property. *In re Russell,* 927 F.2d 413 (8th Cir. 1991). What property interests of the Debtor becomes property of the estate is determined by § 541 of the Bankruptcy Code. Section 541 provides, in relevant part:

§ 541 Property of the Estate.

(a) The commencement of a case under §§ 301, 302, or 303 of this title creates an estate. Such estate is comprised of . . .

(1) . . . all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1).

Moreover, a Debtor's estate may take no greater interest than that held by the Debtor. *In re Martin,* 167 B.R. 609 (Bankr.D.Or. 1994).

■ In Ohio, an insurer can be subrogated to claims if the insurance policy so provides. *Hartford Acci. & Indem. Co. v. Elliott,* 32 Ohio App.2d 281, 61 O.O.2d 346, 290 N.E.2d 919 (1972). The insurer/subrogee thereupon becomes the sole real party in interest and has a right to maintain an action in its name against the tortfeasor for damages sustained to personal property of the insured, as well as for personal medical expenses suffered by the insured. *Id.* Further, the United States Supreme Court noted in *Pearlman v. Reliance Insurance Co.,* 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962), that property rights, such as subrogation rights, existing before bankruptcy in persons other than the debtor must be recognized and respected in bankruptcy. The Court further stated that the Bankruptcy Act simply does not authorize a Trustee to distribute other people's property among a bankrupt's creditors. *Id.,* 371 U.S. at 135, 83 S.Ct. at 234, 9 L.Ed.2d at 193.

### IV.

■ Based on the facts as presented, this Court finds that Defendant Blue Cross has sustained its burden under Bankruptcy Rule 7056 for summary judgment.

Examination of the record reveals that there has been no transfer of an interest of the Debtors' property. Blue Cross was the insurer of the Debtors at the time of their automobile accident. As such, Blue Cross paid the medical expenses incurred by the Debtor (Mr. DuBose) that stemmed from the accident. Ohio law recognizes a right of subrogation between an insurer and the insured. Since the insurance policy contained a subrogation provision, after payment of Mr. DuBose's medical expenses by Blue Cross, Blue Cross became subrogated to Mr. DuBose's rights against the tortfeasor in the amount of the medical expenses. Accordingly, the postpetition payment of money from USAA Claims to Blue Cross was the result of a separate and independent cause of action between Blue Cross and the tortfeasor. In view of this fact, the Court finds that the Debtors did not have an interest in the transaction.

Having found that the Debtors had no interest in the postpetition transaction, it follows that the postpetition payment to Blue Cross is not property of the Debtors' estate. Subject to limited exceptions, only the property that the Debtors owned on the date of the filing of the petition becomes property of the Debtors' estate. 11 U.S.C. § 541(a). It is quite apparent that the Debtors did not have an interest in the cause of action between Blue Cross and the tortfeasor. Therefore, the money arising from that cause of action did not belong to the Debtors at the filing of the bankruptcy petition and does not now belong to the Debtors' estate.

■ Finally, § 549 of the Bankruptcy Code allows the Trustee to avoid a postpetition transfer of estate property made after the commencement of the case that is not authorized under the Bankruptcy Code or by the Court. 11 U.S.C. § 549(a). This general rule is limited to transfers involving property of the estate and does not extend to transfers involving anyone else's property. In this instance, the undisputed facts conclusively demonstrate that the subject transfer of funds from USAA Claims to Blue Cross was not property of the Debtors' estate. To that end, the Court finds that the requisite transaction was not an unauthorized postpetition transfer recoverable under § 549.

### V.

For the reasons set forth herein, the Court finds that there are no material facts in dispute. As a matter of law, the Defendant's Motion For Summary Judgment is granted. Accordingly, judgment is rendered in favor of the Defendant, Blue Cross And Blue Shield of Ohio. Each party is to bear the respective costs.

IT IS SO ORDERED.